# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

JIMMIE SARGENT,

      Petitioner,

v.                                            Case No. 05-C-0132

PHIL KINGSTON, Warden,
Waupun Correctional Institution,

      Respondent.

## **DECISION AND ORDER**

On February 3, 2005, the petitioner filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. The petitioner was convicted after a jury trial of one count of child enticement, two counts of first degree sexual assault, and one count of second degree sexual assault. On June 5, 1997, the petitioner was sentenced to 20 years in prison for each conviction, to be served consecutively for a total of 80 years incarceration.

The petitioner raises the following grounds in his petition for a writ of habeas corpus: 1) his two first-degree sexual assaults of a child convictions violated double jeopardy because the two counts impermissibly separated one course of criminal conduct into two charges; 2) his conviction was obtained by use of evidence gained pursuant to an unlawful search and seizure; 3) his conviction was obtained by use of evidence obtained from an unlawful arrest; and 4) he was denied effective assistance of counsel.

United States District Court Judge J.P. Stadtmueller conducted a preliminary examination of the petition in accordance with Rule 4 of the Rules Governing § 2254 Cases. By order dated June 5, 2005, Judge Stadtmueller determined that the petitioner's double jeopardy claim was

untimely and that his ineffective assistance of counsel claim was procedurally default. (Court's Order of June 5, 2005, at 4, 7). The court granted the petitioner 20 days to show cause as to why these two claims should not be dismissed. The court also determined, as to the petitioner's two other claims, that it did "not plainly appear from the face of the petition that the petitioner is not entitled to relief.") Id. at 8. Thus, Judge Stadtmueller set a briefing schedule on the petition.

On June 27, 2005, the petitioner filed a timely response to the concerns raised in the court's order. About that same time, the parties consented to United States Magistrate Judge jurisdiction pursuant to 28 U.S.C. § 636(c) and General Local Rule 73.1 (E.D. Wis.), and the case was transferred to this court. No decision was made on the order to show cause. Moreover, although the June 5, 2005, Order indicated that the court "must dismiss the fourth ground in the petition," the court never ordered it dismissed. (See Court's Order of June 5, 2005, at 7). Thus, this decision and order will address all four of the petitioner's grounds for relief.

## RELEVANT FACTUAL BACKGROUND

On June 5, 1997, the petitioner was convicted of one count of child enticement, one count of second-degree sexual assault of a child, and two counts of first-degree sexual assault of a child. The petitioner appealed the judgment of his convictions, asserting that the two counts of first-degree sexual assault were multiplicitous. The petitioner argued that the sexual contacts with the victim were not different in nature or separated in time and, therefore, the two counts of first-degree sexual assault violated the double jeopardy provisions of the Wisconsin and United States Constitutions. The Wisconsin Court of Appeals affirmed the petitioner's

- 2 -

conviction on December 27, 1999. On March 17, 2000, the petitioner's petition for review was denied by the Wisconsin Supreme Court.

On October 25, 2000, the petitioner filed a motion for post-conviction relief pursuant to Wis. Stat. § 974.06. The petitioner asserted that his trial counsel was ineffective for failing to file a motion to suppress physical evidence. He maintained that the evidence was suppressible because it was taken during a search warrant issued by a court commissioner who lacked authority to issue the warrant. The petitioner's Wis. Stat. § 974.06 motion was denied on February 2, 2001. The petitioner appealed the denial of Wis. Stat. § 974.06 motion and on August 13, 2002, the Wisconsin Court of Appeals affirmed the circuit court's order. The petitioner filed a petition for review with the Wisconsin Supreme Court, which was denied on October 21, 2002. The petitioner did not seek certiorari review of these proceedings in the United States Supreme Court.

On October 15, 2003, the petitioner filed a petition for a writ of habeas corpus in Milwaukee County Circuit Court. The court denied the petition on October 20, 2003. The Wisconsin Court of Appeals affirmed the circuit court's order on November 12, 2004, and the Wisconsin Supreme Court denied the petitioner's petition for review on January 11, 2004.

The petitioner filed the instant petition for a writ of habeas corpus on February 3, 2005, on the same grounds that he had raised in his state court proceedings.

## **ANALYSIS**

The respondent has moved to dismiss the petitioner's petition for a writ of habeas corpus on the ground that it was untimely filed under the statute of limitations for filing 28 U.S.C. § 2254 habeas corpus petitions. The respondent further asserts that the petitioner's petition is not subject to equitable tolling.

- 3 -

The petitioner maintains that he is entitled to equitable tolling, asserting that he did not know a statute of limitations existed and that he was never told by his state-appointed attorney about the statute of limitations. The petitioner further asserts that there were periods during which he was not allowed access to his legal materials, thereby shortening his time to file his petition for a writ of habeas corpus. The petitioner maintains that as a result of these circumstances the statute of limitations on his claims is subject to equitable tolling.

The Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA), 28 U.S.C. § 2244(d) provides for a one-year statute of limitations for an application for a writ of habeas corpus. In an ordinary case, the one-year statute of limitations runs from the latest of four possible dates.

> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2244(d)(1); see also, Araujo v. Chandler, 435 F.3d 678, 680 (7th Cir. 2005).

Section 2244(d)(2) provides for the tolling of the statute of limitations for "[t]he time during which a properly filed application for state post-conviction or other collateral review with respect to the pertinent judgment or claim is pending." In addition, the time during which a petition for certiorari to the United States Supreme Court can be filed from a decision on direct review also is not counted because a decision does not become final until the time for petitioning for

certiorari has passed. Jones v. Hulick, 449 F.3d 784, 787 (7th Cir. 2006); Anderson v. Litscher, 281 F.3d 672, 674 (7th Cir. 2002).

In Anderson, 281 F.3d at 674-75, the court noted that the statute provides that the one-year period of limitations begins to run from the latest of "the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review." Id. at 674. The court held that because the plain words of the statute include the period for seeking direct review, regardless of whether a petitioner chooses to avail himself of that opportunity, the 90-day period during which a petition for certiorari may be filed by a state prisoner falls within the meaning of § 2244(d)(a)(A) for purposes of calculating when the statute of limitations begins to run. Id. at 674-75.

In this case, the statute of limitations began to run on June 16, 2000, 90 days after March 17, 2000, when the Wisconsin Supreme Court denied the petitioner's petition for review on his direct appeal. On October 25, 2000, the petitioner filed a motion for post-conviction relief which tolled the statute of limitations after 132 days of it had expired. See 28 U.S.C. § 2244(d)(2) ("The time during which a properly filed application for state post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation . . ."). The proceedings finally concluded on October 21, 2002, when the Wisconsin Supreme Court denied the petitioner's petition for review. The petitioner did not seek certiorari review in the United States Supreme Court and, therefore, unlike on direct review, was not entitled to toll the statute of limitations for 90 days. Gutierrez v. Schomig, 233 F.3d 490, 491 (7th Cir. 2000).

Thus, the statute of limitations began running again when the Wisconsin Supreme Court denied the petitioner's petition for review on October 21, 2002. On that date, the petitioner had

- 5 -

233 days remaining, giving him until approximately June 11, 2003, to file a timely petition for writ of habeas corpus. The petition was not filed in this court until February 3, 2005, and, therefore, it is untimely. The petitioner's state petition for a writ of habeas corpus does not toll the statute of limitations because it was filed on October 15, 2002, more than four months after the statute of limitations expired. See Escamilla v. Jungwirth, 426 F.3d 868, 870 (7th Cir. 2005).

The petitioner maintains, however, that he is entitled to equitable tolling of the statute of limitations. The AEDPA's one-year period of limitations is not jurisdictional and, therefore, is arguably subject to equitable tolling. Taliani v. Chrans, 189 F.3d 597, 597-98 (7th Cir. 1999). "Equitable tolling excuses an untimely filing when, despite exercising reasonable diligence, a petitioner could not have learned the information he needed in order to file on time." Jones, 449 F.3d at 789. Thus, "equitable tolling is proper when extraordinary circumstances outside of the petitioner's control prevent timely filing of the habeas petition." Araujo, 435 F.3d at 680 (quoting Gildon v. Bowen, 384 F.3d 883, 887 [7th Cir. 2004]). Equitable tolling, however, is "rarely granted." Jones, 449 F.3d at 789.

Assuming that the doctrine of equitable tolling is available under the AEDPA, the petitioner in the instant case fails to meet the criteria for the equitable tolling of the one-year statute of limitations. The petitioner asserts that he was not aware of the statute of limitations and that his state-appointed attorney did not inform him of the one-year deadline and, therefore, the statute of limitations should be tolled. A claim of ignorance of the law is not sufficient to warrant the equitable tolling of a limitations period. Miller v. Runyon, 77 F.3d 189, 191 (7th Cir. 1996); United States v. Cook, 105 F.Supp.2d 1013, 1014-5 (E.D. Wis. 2000) ("[N]either a plaintiff's unfamiliarity with the legal process nor his lack of representation during the applicable

filing period merits equitable tolling") (quoting Davis v. Johnson, 158 F.3d 806, 811 (5th Cir. 1998).

The petitioner further asserts that there were periods of time during his incarceration when he was in program segregation and was denied access to his legal documents and, therefore, those periods of time should be excluded. In his response to the court's order of June 7, 2005, the petitioner stated that he was in program segregation in 2002 and that he "got his property and legal materials on November 17, 2002," apparently after he was moved to "Program Segregation Step #3." (Petitioner's Response to Judge [sic] Order of June 7, 2005, at 4). He apparently remained at Step #3 until he received another conduct report and his legal materials were confiscated again. Id. at 5. On July 31, 2003, his legal materials were again returned to him. Id. The petitioner states that he was in program segregation for one year. Id. at 4.

Based on the petitioner's statements, he had access to his legal materials less than a month after the Wisconsin Supreme Court denied his petition for review and continued to have such access for over four and a half months until his legal materials were again taken in April. He provides no explanation as to why he waited until October 2003 to file his state habeas petition. Thus, the petitioner has failed to demonstrate that he diligently had been pursuing his rights. See Pace v. DiGuglielmo, 544 U.S. 408, 418 (2005).

Moreover, the petitioner has not shown that some "extraordinary circumstances stood in his way." Id. Neither his lack of knowledge of the statutory time limits for filing a habeas corpus action nor his periodic lack of access to legal materials provide a basis for concluding that the doctrine of equitable tolling would be applicable. As the court stated in Johnson v. McCaughtry, 265 F.3d 559, 566 (7th Cir. 2001), in the context of equitable tolling, "habeas relief,

- 7 -

by definition, is almost always sought by an incarcerated petitioner and we decline to find that this circumstance is so extraordinary as to warrant the application of this rarely-applied [equitable tolling] doctrine."

In sum, the petitioner's petition for a writ of habeas corpus is untimely and the petitioner has not established a basis for the application of the doctrine of equitable tolling in this case. Accordingly, the petitioner's petition for a writ of habeas corpus will be denied.

## **ORDER**

**NOW, THEREFORE, IT IS ORDERED** that the petitioner's petition for a writ of habeas corpus be and hereby is **denied**.

**IT IS FURTHER ORDERED** that this action be and hereby is **dismissed**.

**IT IS ALSO ORDERED** that the Clerk of Court enter judgment accordingly.

Dated at Milwaukee, Wisconsin this 11th day of August, 2006.

BY THE COURT:

s/ Patricia J. Gorence
PATRICIA J. GORENCE
United States Magistrate Judge